IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL  DIVISION

WILLIAM CLOVER
Plaintiff

vs.                               CIVIL ACTION _____
                                  JURY REQUESTED

DELEK REFINING, LTD.
Defendant

## PLAINTIFF'S COMPLAINT

NOW COMES WILLIAM CLOVER, Plaintiff, and files this, his Original Complaint complaining of   DELEK REFINING, LTD.,  Defendant, and in support thereof respectfully show this Court as follows:

### NATURE OF THE CLAIM

1.  This an action in brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C.  §621 et seq. against the defendant, Delek Refining, Ltd.   Plaintiff  alleges that Defendant, Delek Refining, Ltd.  (hereafter "Defendant"), violated the Age Discrimination Employment act by terminating the employment of Plaintiff  with the defendant  because of his age.

2.  The plaintiff is an qualified employee who has been denied employment including  wages and benefits due him because  of the disparate impact and treatment caused by Defendant's age discriminatory practices.

3. Plaintiff brings this cause of action to vindicate his rights.  Plaintiff seeks the full measure of available relief, including declaratory, equitable, compensatory and punitive remedies, as well as statutory attorney's fees and costs.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq.   Jurisdiction is conferred on this Court by 28 U.S.C. §1331, 29 U.S.C. §216(b) and 28 U.S.C. § 1337

5. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) inasmuch as the defendant has offices, conducts business, and can be found in the Eastern District of Texas, and the cause of this action has arisen and occurred, in whole or in part, in the Eastern District of Texas.

## III. PARTIES

6. Plaintiff WILLIAM CLOVER  is an adult citizen who resides in the Eastern District of Texas. He was an an employee of the defendant,  located in Tyler, Smith County, Texas.

7. Defendant., DELEK REFINING, LTD.  is a corporation doing business in the State of Texas. Defendant DELEK REFINING, LTD. does business in the Eastern District of Texas and can be served through its registered agent, United Corporate Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

## IV.
## PROCEDURAL REQUIREMENTS

8. Paragraphs 1-7 above are incorporated herein by reference.

9.  Plaintiff has filed timely complaints with the Equal Employment  Opportunity Commission ("EEOC"). On or about March 27, 2018, the EEOC issued Plaintiff's Notice of Right to Sue letters and terminated its investigation of Plaintiffs's  claims.   Plaintiff has therefore satisfied all prerequisites to suit, and there remain no unfulfilled exhaustion requirements.

## V. STATEMENT OF THE CLAIM

10. Plaintiff began his employment with the defendant on or about 1976, having been with the company for nearly forty one years..   Plaintiff worked as an Area Supervisor.

11. Plaintiff would often work forty (40) hours a week and was available by phone 24 hours a day, seven days a week.   Plaintiff even responded to phone calls a night as part of his job duties.

12.  In October of 2016, Jeremy Cyr began working as operations manager.

13.  Plaintiff's immediate supervisor, Elliot Eastepp, inquired of Plaintiff several times when he planned to retire, to which Plaintiff responded in about ten (10) years.

14.  On or about February 14, 2017, Plaintiff was told he was being suspended  for not following proper policies on start-up, despite having done that job for years.

15. Plaintiff was given 20 minutes to sign a resignation form, and was told that if he did not sign the form, the Defendant would not pay him his five weeks of vacation pay, that Plaintiff was entitled to from the year 2016.

16. Plaintiff refused to sign said form, in that it untruthfully accused Plaintiff of several wrongful acts.

17. On or about March 10, 2017, Plaintiff was terminated from his employment with the Defendant.

18. At the facility where he was employed, Plaintiff had observed a unexplained exodus of older workers.

19.  Plaintiff was replaced by a younger worker.

20.  The result of the foregoing employment practice was to deprive Plaintiff of equal employment opportunities because of his age.

21.  As a result of defendant's acts or omissions, Plaintiff has been damaged in that he has lost

wages and fringe benefits in the past and will, in reasonable probability suffer a loss of future earnings and benefits. Plaintiff has also suffered mental anguish in the past and will, in reasonable probability, suffer mental anguish in the future.

22. Plaintiff would further show that Defendant acted intentionally, maliciously and/or with reckless indifference to the state-protected rights of Plaintiff in discriminating against him and that as a result he is entitled to recover exemplary and/or punitive damages. Plaintiff believes that exemplary and/or punitive damages in the sum of $250,000.00 would be sufficient to prevent this type of conduct in the future by Defendant and to set an example to others contemplating such conduct.

## DAMAGES

23. Plaintiff would show the court that he has suffered actual damages for lost back wages, insurance benefits, lost future wages, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life as a direct result of Defendant's discriminatory employment practices described above.

24. Plaintiff would further show the court that he is entitled to recover punitive damages for Defendant's discriminatory employment practices described above which were intentional and malicious acts.

25. Plaintiff is entitled to recover him reasonable and necessary attorney's fees pursuant to 42 U.S.C. 2000e-5(k).

## ATTORNEY FEES

26. It was necessary for the plaintiff to retain the undersigned attorneys to represent him in prosecution of this suit, plaintiff seek and pray for all reasonable and necessary attorneys' fees and costs of suit in this case which include the following:

(a) Preparation and trial of this lawsuit; and

(b) Post-trial, pre-appeal legal services; and

(c) An appeal to the 5th Circuit Court of Appeals; and

(d) An appeal to the United States Supreme Court in the event that an appeal is necessary; and

(e) Post-judgment discovery and collection in the event execution on the judgment is necessary.

## PRAYER FOR RELIEF

27. WHEREFORE, Plaintiff respectfully request that this court grant the following relief:

(a) Enter declaratory judgment against Defendant and in favor of Plaintiff recognizing that Defendant has violated Plaintiff's rights.

(b) Render and enter a judgment that the acts and practices of Defendant complained of herein are in violation of the laws of the United States and the State of Texas;

(c) Award Plaintiff any past lost wages, including lost fringe benefits and back pay, including, without limitation, any lost benefits that would have otherwise, which resulted from the illegal discrimination;

(d) Award Plaintiff any future lost wages, including lost fringe benefits and future pay, including, without limitation, any future benefits that would have otherwise occurred, had it not been for the illegal discrimination;

(e) Award Plaintiff compensatory and punitive damages;

(f) Award Plaintiff the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees;

(g) Grant an order restraining Defendant from any retaliation against Plaintiff for participating in any manner in this litigation;

(h) Grant Plaintiff such other and further relief as this court finds necessary and proper.

                        Respectfully submitted,
                        ___/s/Bob Whitehurst
                        Bob Whitehurst
                        5380 Old Bullard Road, Suite 600, #363
                        Tyler, Texas 75703
                        (903)593-5588
                        State Bar #21358100